IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LEWIS COMMUNICATIONS, INC.,
    Plaintiff,

vs.                                  Case No: 3:06cv128/WS/EMT

ZOHOURI SEAGORVE, L.P. f/k/a
ZOHOURI DEVELOPMENT SOUTH
WALTON, L.L.P.,
    Defendant.
_____/

**ORDER**

       This cause is before the court upon referral from the district judge for a determination of attorneys' fees and costs (*see* Doc. 63). On September 11, 2007, the district court adopted this court's recommendation that summary judgment be granted in favor of Plaintiff as to its breach of contract claim but denied as to its open account claim (*see id.* at 1–2).

       The contract at issue in this case provides that Plaintiff is entitled to attorneys' fees and the costs of any action to collect overdue balances under the contract (*see* Doc. 61 at 18; *see also* Doc. 43, Ex. A at 3). Therefore, in its recommendation to the district court, this court ordered Plaintiff to submit appropriate supporting documentation to sustain an award of attorneys' fees and costs within thirty (30) days from the date that an order adopting the court's recommendation was entered (*see* Doc. 61 at 18). In response, Plaintiff submitted the affidavit of its attorney, Gilbert L. Fontenot, claiming attorneys' fees and costs in the total amount of $41,878.82 (Doc. 62, Attach. 1 at 1). Mr. Fontenot states that he has represented Plaintiff since approximately 2001 and has expended 176.25 hours at a rate of $225.00 per hour and 12.00 hours of travel time at a reduced rate of $112.50 per hour (*see id.*). Mr. Fontenot also states that another attorney, Joseph Zarzaur, also expended 2.50 hours at a rate of $250.00 per hour and a paralegal expended 4.50 hours at a rate of $55.00 per hour

(*see id.*).  Finally, Mr. Fontenot also claims expenses in the amount of $562.57 (*see id.*).  The documentation provided by Plaintiff's counsel, however, does not establish that the demanded hourly rates are reasonable and in line with prevailing market rates.  Additionally, it does not detail the nature of the time expended representing Plaintiff (i.e., the court has been provided with only the total hours expended, not the nature of the work performed on Plaintiff's behalf), and it does not detail the nature of the expenses incurred in representing Plaintiff.

In the Eleventh Circuit, the district court employs the federal lodestar approach to set reasonable fee awards.  *See* Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam).  "Under the lodestar formula, a court must first determine the attorney's reasonable hourly rate . . . . Next, the court takes the reasonable hourly rate and multiplies it by the 'reasonable number of compensable hours.' "  *See* Schafler v. Fairway Park Condominium Ass'n, 147 Fed. Appx. 113, 114–15 (11th Cir. 2005) (citing Loranger, 10 F.3d at 781).  With respect to the reasonable hourly rate, "[t]he applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates . . . ."  Norman v. Hous. Auth., 836 F.2d 1292, 1299 (11th Cir. 1988) (internal citations omitted).  "[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.  Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate."  *Id.* (internal citations omitted); *see also* Loranger, 10 F.3d at 781.  " 'A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.' "  Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996) (quoting Norman, 836 F.2d at 1299).[1]  In calculating what hours were reasonably spent on the litigation, exclusions for unnecessary or excessive time expended is left to the discretion of the court.  EEOC. v. Enterprise Leasing Co., No. 8:00CV2012T24EAD, 2003 WL 21659097, at *3 (M.D. Fla. May 16, 2003) (citing Norman, 836

---

[1] The court may also consider the twelve factors discussed in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974).  *See* Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting in the Eleventh Circuit all former Fifth Circuit decisions rendered before October 1, 1981 as binding precedent).  These factors include: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the degree of skill necessary to serve the client properly, (4) the attorney's inability to accept other employment because he accepted the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount of damages involved and the relief or results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the attorney's professional relationship with the client, and (12) awards in similar cases.  Johnson, 488 F.2d at 717–19.

Case No.: 3:06cv128/WS/EMT

F.2d at 1301).  The court should exclude excessive, unnecessary, and redundant hours.  Duckworth, 97 F.3d at 1397.  "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours . . . ," Norman, 836 F.2d at 1303, and objections thereto must be equally specific and precise.  Duckworth, 97 F.3d at 1397; Norman, 836 F.2d at 1301.  "After determining the lodestar, the court may adjust the amount depending upon a number of factors, including the quality of the results and representation of the litigation."  Duckworth, 97 F.3d at 1396 (citing Norman, 836 F.2d at 1303).  A court may also use its own judgment and expertise to make an appropriate independent assessment of the value of an attorney's services.  *See* Norman, 836 F.2d at 1304.

In this case, Plaintiff's counsel has not submitted documentation to establish that the demanded hourly rates are reasonable and in line with prevailing market rates.  Furthermore, Plaintiff's counsel has not submitted sufficiently detailed documentation of the expenses incurred or of the hours expended that would allow the court to determine the propriety of the claimed expenses or whether any unnecessary or excessive time was expended in this matter.  Thus, in light of the foregoing discussion, Plaintiff's counsel shall be ordered to submit supplemental documentation sufficient for the court to make an assessment of the reasonableness of the attorneys' fees it has requested.  Plaintiff's counsel shall also file documentation sufficient to permit the court to evaluate the claimed expenses and the number of compensable hours expended in representing Plaintiff in this matter.

Accordingly, it is **ORDERED**:

Within **TEN (10) DAYS** from the date of docketing of this order, Plaintiff's counsel shall submit supplemental documentation sufficient for the court to make an assessment of the reasonableness of the attorneys' fees and costs it has requested.  Plaintiff's counsel shall also file documentation sufficient to permit the court to evaluate the number of compensable hours expended in representing Plaintiff in this matter.

**DONE AND ORDERED** this 24th day of September 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**