IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LEWIS COMMUNICATIONS, INC.,
    Plaintiff,

vs.                                           Case No: 3:06cv128/WS/EMT

ZOHOURI SEAGORVE, L.P. f/k/a
ZOHOURI DEVELOPMENT SOUTH
WALTON, L.L.P.,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the district judge for a determination of attorneys' fees and costs (*see* Doc. 63). Also, Plaintiff has submitted two affidavits from its attorney (Docs. 62, 71) and a detailed accounting of the fees and expenses it was charged (Doc. 71) in support of an award of attorneys' fees and costs.

I.    BACKGROUND

On September 11, 2007, the district court adopted this court's recommendation that summary judgment be granted in favor of Plaintiff as to its breach of contract claim but denied as to its open account claim (*see* Doc. 63 at 1–2). The contract at issue in this case provides that Plaintiff is entitled to attorneys' fees and the costs of any action to collect overdue balances under the contract (*see* Doc. 61 at 18; *see also* Doc. 43, Ex. A at 3). Therefore, in its recommendation to the district court, this court ordered Plaintiff to submit appropriate supporting documentation to sustain an award of attorneys' fees and costs within thirty (30) days from the date that an order adopting the court's recommendation was entered (*see* Doc. 61 at 18). In response, Plaintiff has submitted the affidavit of its attorney, Gilbert L. Fontenot, claiming attorneys' fees and costs in the total amount of $41,878.82 (Doc. 62, Attach. 1 at 1). Mr. Fontenot states that he has represented Plaintiff since

approximately 2001 and has expended 173.75 hours at a rate of $225.00 per hour and 12.00 hours of travel time at a reduced rate of $112.50 per hour (*see id.*).[1] Mr. Fontenot also states that another attorney, Joseph Zarzaur, expended 2.50 hours at a rate of $250.00 per hour, and a paralegal expended 4.50 hours at a rate of $55.00 per hour (*see id.*). Finally, Mr. Fontenot also claims expenses in the amount of $562.57 (*see id.*).

On September 24, 2007, upon review of Plaintiff's documentation, the undersigned determined that the documentation did not establish that the demanded hourly rates were reasonable and in line with prevailing market rates (*see* Doc. 65 at 3). Therefore, Plaintiff's counsel was ordered to submit supplemental documentation sufficient for the court to make an assessment of the reasonableness of the attorneys' fees requested (*see id.*).

Plaintiff's counsel has now submitted a supplement to his affidavit (Doc. 70). In the supplement, Mr. Fontenot explained "that he customarily charges Plaintiff an hourly rate of $175.00 an hour"; however, "given the nature of the lawsuit in a jurisdiction foreign to [Mr. Fontenot's] practice, the rate was adjusted upward[] to $225.00 to compensate for the uncertainty and inherent issues of practicing law and litigating a matter in a foreign jurisdiction" (*id.* at 1). Plaintiff's counsel also submitted a detailed accounting of the fees and expenses that were billed to his client (*see* Doc. 71). No other information was submitted by Plaintiff's counsel.

II. DISCUSSION

In the Eleventh Circuit, the district court employs the federal lodestar approach to set reasonable fee awards. *See* Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). "Under the lodestar formula, a court must first determine the attorney's reasonable hourly rate . . . . Next, the court takes the reasonable hourly rate and multiplies it by the 'reasonable number of compensable hours.' " *See* Schafler v. Fairway Park Condominium Ass'n, 147 Fed. Appx. 113, 114–15 (11th Cir. 2005) (citing Loranger, 10 F.3d at 781). With respect to the reasonable hourly

---

[1] The court notes that Mr. Fontenot indicates that he "expended 176.25 hours . . . [and another] attorney [] expended 2.50 hours" on this matter (Doc. 62, Attach. 1 at 1). However, the billing invoices submitted in support of an award of attorneys fees and costs show that Mr. Fontenot actually expended only 173.75 hours and the other attorney expended 2.50 hours (*see* Doc. 71) (showing that a total of 176.25 hours were expended by Plaintiff's attorneys). Thus, it appears that Mr. Fontenot inadvertently misstated the number of hours he spent on this matter by counting the 2.5 hours expended by the other attorney twice. Therefore, the court finds that Mr. Fontenot expended 173.75 hours on this matter because this figure is supported by the billing records of Plaintiff's counsel.

Case No.: 3:06cv128/WS/EMT

rate, "[t]he applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates . . . ." Norman v. Hous. Auth., 836 F.2d 1292, 1299 (11th Cir. 1988) (internal citations omitted). "[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Id.* (internal citations omitted); *see also* Loranger, 10 F.3d at 781. " 'A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.' " Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996) (quoting Norman, 836 F.2d at 1299).[2] In calculating what hours were reasonably spent on the litigation, exclusions for unnecessary or excessive time expended is left to the discretion of the court. EEOC. v. Enterprise Leasing Co., No. 8:00CV2012T24EAD, 2003 WL 21659097, at *3 (M.D. Fla. May 16, 2003) (citing Norman, 836 F.2d at 1301). The court should exclude excessive, unnecessary, and redundant hours. Duckworth, 97 F.3d at 1397. "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours . . . ," Norman, 836 F.2d at 1303, and objections thereto must be equally specific and precise. Duckworth, 97 F.3d at 1397; Norman, 836 F.2d at 1301. "After determining the lodestar, the court may adjust the amount depending upon a number of factors, including the quality of the results and representation of the litigation." Duckworth, 97 F.3d at 1396 (citing Norman, 836 F.2d at 1303). A court may also use its own judgment and expertise to make an appropriate independent assessment of the value of an attorney's services. *See* Norman, 836 F.2d at 1304.

In this case, Mr. Fontenot's affidavit does not establish that the hourly rates demanded for its attorneys ($225.00 and $250.00 per hour respectively) and paralegal ($55.00 per hour) are reasonable and in line with prevailing market rates. *See* Schafler, 147 Fed. Appx. at 114–15 (citing

---

[2]The court may also consider the twelve factors discussed in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974). *See* Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting in the Eleventh Circuit all former Fifth Circuit decisions rendered before October 1, 1981 as binding precedent). These factors include: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the degree of skill necessary to serve the client properly, (4) the attorney's inability to accept other employment because he accepted the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount of damages involved and the relief or results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the attorney's professional relationship with the client, and (12) awards in similar cases. Johnson, 488 F.2d at 717–19.

Loranger, 10 F.3d at 781).  In fact, Plaintiff has submitted no evidence to show that these rates were reasonable and in line with prevailing market rates, or even that Plaintiff actually paid the rates that counsel charged (*see* Doc. 71 at 24 (showing an outstanding balance due of $41,878.82, the same amount presently demanded by Plaintiff)).

Nevertheless, Mr. Fonenot stated that he customarily charges Plaintiff a rate of $175.00 per hour (*see* Doc. 70 at 1).  Mr. Fontenot's affidavit is uncontested.  In another case, the undersigned found that rates of $175.00 per hour for an attorney's time and $75.00 per hour for a paralegal's time were reasonable hourly rates for attorneys and paralegals in the North Florida market.  *See* Hendrix v. Evenflo Co., Inc., No. 3:07cv133/MCR/EMT (N.D. Fla. Oct. 11, 2007) (Doc. 112 at 9). Therefore, the court concludes that a rate of $175.00 per hour is a reasonable hourly rate for the time expended by Plaintiff's counsel, and $55.00 per hour is a reasonable hourly rate for the time expended by counsel's paralegal.[3]

Next, the court must determine what hours were reasonably spent on the litigation and should exclude any excessive, unnecessary, or redundant hours.  *See, e.g.*, Norman, 836 F.2d at 1301.  As discussed *supra*, Plaintiff requests compensation for 173.75 hours of Mr. Fontenot's time and 12.00 hours for Mr. Fontenot's travel time (*see* Doc. 62, Attach. 1 at 1).  Plaintiff also requests compensation for 2.50 hours of Mr. Zarzaur's time (*see id.*).  Finally, Plaintiff requests compensation for 4.50 hours of paralegal time and expenses in the amount of $562.57 (*see id.*).

With respect to the hours billed by Plaintiff's attorneys and paralegal, the court has conducted an independent review of the accounting provided by Plaintiff's counsel and finds that the hours billed were reasonably spent on the litigation, and no time should be excluded as excessive, unnecessary, or redundant.

Finally, the court must consider whether the amount of fees to be awarded should be adjusted.  *See* Duckworth, 97 F.3d at 1396 (lodestar amount may be adjusted based on a number of factors, including quality of the results and representation of the litigation).  The court finds it unnecessary to adjust the rates as determined *supra*.  However, as one additional factor in support

---

[3]The records submitted by Plaintiff's counsel indicate that he charges half of his hourly rate for travel time (*see* Doc. 71 at 14–15).  This factual assertion is also uncontested.  Therefore, the court concludes that a rate of $87.50 is a reasonable hourly rate for Mr. Fontenot's travel time.

Case No.: 3:06cv128/WS/EMT

of an award of attorneys' fees at the rate determined *supra* and for the number of hours demanded, the court notes that Plaintiff succeeded on summary judgment in this case and recovered the entire amount it claimed was due and owing to it. *See* Johnson, 488 F.2d at 717–19; *see also* Farrar v. Hobby, 506 U.S. 103, 114 (1992) (quoting Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)) (" 'the most critical factor' in determining the reasonableness of an attorney's fee award 'is the degree of success obtained' ").

Plaintiff therefore is entitled to 176.25 hours of attorney time at a rate of $175.00 per hour for Mr. Fontenot's and Mr. Zarzaur's time ($30,843.75) and 12.00 hours at a rate of $87.50 per hour for Mr. Fontenot's travel time ($1,050.00). Plaintiff is also entitled to 4.50 hours of paralegal time at a rate of $55.00 per hour ($247.50). Finally, Plaintiff is entitled to $562.57 for the expenses it incurred in this action to collect overdue balances under the contract (*see* Doc. 61 at 18; *see also* Doc. 43, Ex. A at 3).

Accordingly, it is respectfully **RECOMMENDED**:

That within **TEN (10) DAYS** of the date of the district court's adoption of this report and recommendation, Defendant shall pay to Plaintiff the amount of $32,703.82 for the attorneys' fees and expenses it incurred in this action.

At Pensacola, Florida, this 15th day of November 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**